**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

───────────────────────────────────────────────

CANTRAL JAMES ANDERSON,

    Plaintiff,

v.  No. 2:20-cv-02071-MSN-cgc

DRUG ENFORCEMENT ADMINISTRATION,
and DEA AGENTS, *Four White Men*,

    Defendants.

───────────────────────────────────────────────

**ORDER ADOPTING REPORT AND RECOMMENDATION**
───────────────────────────────────────────────

Before the Court is Magistrate Judge Charmaine Claxton's Report and Recommendation ("Report"), submitted on July 23, 2020. (ECF No. 7.)  The Report recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which relief may be granted.  (*Id.* at PageID 12.)  Plaintiff has not filed an objection to the Report and the time to do so has passed.  For the reasons set forth herein, the Court **ADOPTS** the Report and **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. § 1915.

**LAW AND ANALYSIS**

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59, a district court may refer a motion to suppress to a magistrate judge for the preparation of a report and recommendation. "The magistrate judge must promptly conduct the required proceedings and enter on the record a recommendation for disposing of the matter, including any proposed findings of fact." Fed. R. Crim. P. 59(b)(1). If a party files timely objections to the recommendation, the district

court must consider those objections *de novo* and "accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Therefore, objections to a magistrate judge's report must be "specific." Fed. R. Crim. P. 59(b)(2). Vague, general, or conclusory objections are improper, will not be considered by the reviewing court, and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

The Court need not review—under a *de novo* or any other standard—those aspects of a report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150–52 (1985). Failure to object to a magistrate judge's findings or conclusions results in waiver of those objections. Fed. R. Crim. P. 59(b)(2). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014).

Here, the deadline to object to the Report has passed, and Plaintiff has not filed any objections. The Court has reviewed the Report for clear error and finds none. For the foregoing reasons, the Court **ADOPTS** the Report and **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. § 1915.

**IT IS SO ORDERED** this 7th day of August, 2020.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE